IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., *et al.* | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO.  JKB-12-1866 |
| ANNAPOLIS PLAZA, LLC, | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM**

*I. Background*

Plaintiffs National Alliance for Accessibility, Incorporated, and Denise Payne have sued Annapolis Plaza, LLC, alleging Defendant is not in compliance with accessibility requirements of the Americans with Disabilities Act ("ADA") for public accommodations, 42 U.S.C. § 12181 *et seq.*, as specified in the ADA Accessibility Guidelines ("ADAAG"), codified in 36 C.F.R. § 1191.  (Compl., ECF No. 1.)  Defendant has responded by filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, a motion for more definite statement pursuant to Rule 12(e).  (ECF No. 7.)  The Court has considered the complaint, the motion, Plaintiffs' response in opposition (ECF No. 14), and Defendant's reply (ECF No. 15).  No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  The motion will be granted for the failure of the complaint to state a claim.

*II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. Analysis

Plaintiffs' complaint fails to satisfy the *Iqbal-Twombly* pleading standard. The complaint is filled with Plaintiffs' conclusions that Defendant's facilities are inaccessible, but provides no specific factual allegations that would allow the Court to infer that Plaintiff Payne has been discriminated against on the basis of disability and is likely to be discriminated against in the future. For example, Plaintiffs allege Payne "has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety." (Compl. ¶ 6.) These are clearly her conclusions couched as factual allegations. Under 42 U.S.C. § 12188(a), injunctive relief may be granted to "any person who is being subjected to discrimination on the basis of disability . . . or who has reasonable grounds for believing that such person is about to be subjected to discrimination . . . ." But all that Plaintiffs have offered in their complaint is a list of their conclusions that certain aspects of the property do not meet the ADAAG guidelines. (Compl. ¶ 11.) Notably, they have failed to state specific facts to support their conclusions, and

they have failed to plead sufficient facts to allow the Court to infer any deficiencies in facilities resulted in discrimination against Payne or will do so in the future.[1]

The causation requirement of § 12188(a) is not satisfied by the complaint's allegations. This element of causation is also intertwined with the question of standing in the subject-matter jurisdictional argument under Rule 12(b)(1) by Defendant.  The Supreme Court has noted that, "[i]n order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."  *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979).   Because the merits are intertwined with the determination of standing, the Court decides this case on the basis of its failure to state a claim.

## IV.  Conclusion

The complaint fails to state a claim upon which relief can be granted.  By separate order, Defendant's motion will be granted under Rule 12(b)(6), denied as moot under Rule 12(b)(1), and denied as moot under Rule 12(e).

DATED this 18th day of January, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] Defendant's objection that the complaint is filled with "boilerplate" allegations is well taken.  The Court has compared the allegations in the instant case with the allegations in other cases filed by the Plaintiffs in 2012 and has found near identity in relevant aspects between this complaint and the complaints in the other cases in this District.  *See, e.g.*, JFM-12-1864; PWG-12-1865; RDB-12-3223; and PWG-12-3224.