IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NATIONAL ALLIANCE <br> FOR ACCESSIBILITY, INC., *et al.* <br><br> **Plaintiffs** <br><br> v. <br><br> ANNAPOLIS PLAZA, LLC, <br><br> **Defendant** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br><br> CIVIL NO. JKB-12-1866 |

## MEMORANDUM AND ORDER

### I. *Background*

On February 22, 2013, the Court granted Defendant's motion to dismiss for failure to state a claim and denied as moot Defendant's alternative motions to dismiss for lack of standing and to require Plaintiffs to provide a more definite statement. (ECF Nos. 17, 18.) Pending before the Court is Plaintiffs' motion to vacate the Court's judgment dismissing the action and to grant leave to file an amended complaint. (ECF No. 19.) Defendant has opposed the motion (ECF No. 19), and Plaintiffs have filed no reply. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be granted.

### II. *Standard for Postjudgment Leave to Amend Complaint*

A motion to amend a complaint filed after judgment has been entered is evaluated under the same legal standard applicable to a prejudgment motion to amend a complaint: for bad faith, prejudice to the defendant, and futility. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (*en banc*). The only difference between the two, other than timing, is that a postjudgment motion to amend may not be granted unless the judgment is vacated pursuant to either Rule 59(e) or Rule

60(b), Federal Rules of Civil Procedure. *Laber*, 438 F.3d at 427. A meritorious postjudgment motion to amend may suffice for grounds to vacate a judgment under Rule 59(e). *Katyle v. Penn National Gaming*, 637 F.3d 462, 471 (4th Cir. 2011) ("To determine whether vacatur is warranted, . . . the court need not concern itself with [Rule 59(e) or Rule 60(b)'s] legal standards. The court need only ask whether the amendment should be granted" pursuant to Rule 15 standards).

## *III. Analysis*

Plaintiffs' original complaint was deficient because it relied upon Plaintiffs' own conclusions as to whether certain aspects of Defendant's physical facilities violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and specifically, whether Plaintiff Payne was discriminated against. Plaintiffs' proposed amended complaint is opposed by Defendant on the ground of futility; Defendant does not assert either prejudice or bad faith. Defendant also argues the proposed amended complaint is deficient due to Plaintiffs' lack of standing. (Def.'s Opp'n 6.)

The Court has examined the proposed amended complaint and has found therein several allegations that pass muster under Rule 12(b)(6). Payne alleges she was a patron of Defendant Annapolis Plaza on December 11, 2009, September 22, 2011, and April 24, 2012. (Mot. Amend, Att. 1, ¶ 7.) She alleges she will be returning to Annapolis Plaza on April 24, 2013. (*Id.*) She further alleges that, contrary to ADA Accessibility Guidelines ("ADAAG"), codified in 36 C.F.R. § 1191, when she was at Annapolis Plaza

- she found it difficult to locate accessible parking spaces because they were not marked with signs designating them as disabled use spaces;

- she was unable to unload at designated accessible parking spaces because they lacked access aisles;
- she found no accessible routes from the street, sidewalk, and parking areas;
- she could not utilize the outdoor seating;
- she was prevented from accessing certain shopping aisles because they were not 36 inches wide;
- she could not flush the toilet in the restroom at JoAnn Fabrics because the flush valve was located on the walled side;
- she could not use the paper towel dispenser and the soap dispenser at JoAnn Fabrics because they were mounted too high;
- she could not use the mirror at JoAnn Fabrics because it was mounted too high;
- she could not flush the toilet in the restroom at Mama Lucia Restaurant because the flush valve was located on the walled side;
- she was prevented from transferring to a toilet because of a trash can at Mama Lucia Restaurant; and
- she had difficulty using the side grab bars in the restroom at Mama Lucia Restaurant because items were mounted over the grab bar, obstructing its use.

(*Id.* ¶ 12.)

On the merits, Defendant argues that the facts do not support Plaintiffs' allegations,[1] but that objection has no traction at the pleading stage, regardless of whether Plaintiffs may or may not be able to prove their allegations. Accepting these allegations as true under the Rule 12(b)(6)

---

[1] For example, Defendant says that JoAnn Fabrics does not have public restrooms and that the disabled use spaces are marked by signs. (Def.'s Opp'n 3, 5.)

standard, the Court finds they state a claim for relief. Accordingly, amendment of the complaint is not futile, and leave to amend will be granted.

Defendant's alternative argument as to standing focuses on the dates in the proposed amended complaint and suggests a lack of congruence with reality, given the location of Annapolis Plaza and the locations of other places mentioned in the allegations. This argument is premised upon Payne's credibility, or lack thereof, and is inappropriate to consider at the pleading stage. Therefore, to the extent Defendant opposes the proposed amended complaint based upon Rule 12(b)(1) for lack of standing, that objection is without merit.

## IV. Conclusion

In accordance with the foregoing conclusions, it is hereby ORDERED:

1. Plaintiffs' motion to vacate (ECF No. 19) is GRANTED;

2. The judgment of dismissal (ECF No. 18) is VACATED;

3. Plaintiffs' motion for leave to amend (ECF No. 19) is GRANTED;

4. The Clerk shall DOCKET Attachment 1 to ECF No. 19 as the Amended Complaint;

5. Defendant shall FILE its answer on or before April 29, 2013.

DATED this  8  day of April, 2013.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge